FANNIE B. WHEELER v. UNITED STATES CASUALTY COMPANY.

Submitted December 5, 1903—Decided February 23, 1904.

A policy of accident insurance declared: "The insurance under this * * * contract is for the term of one year from the date of issue hereof * * * and applies only to persons over sixteen years of age and under sixty-five years of age." *Held*, that the insurer was not chargeable for an accident happening after the person taking out the policy had passed the age of sixty-five years.

On demurrer.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and SWAYZE.

For the plaintiff, *Garrison, McManus & Enright*.

For the defendant, *Sommer & Adams*.

The opinion of the court was delivered by

DIXON, J. The only question now up for decision relates to the meaning of the following clause in a policy of accident insurance, viz.: "The insurance under this * * * contract is for the term of one year from the date of issue hereof

\* \* \* and applies only to persons over sixteen years of age and under sixty-five years of age." The question is, does this require that the accident shall have happened while the person injured was over sixteen and under sixty-five years of age, or that the policy shall have been issued to a person between those ages?

We think the first of these statements gives the true meaning. There are several reasons tending to this conclusion.

In the first place, such seems to be the more natural import of the words used. It is the insurance, *i. e.,* the obligation of the insurer to indemnify, the right of the insured to be indemnified, which applies only to persons of the prescribed age. If persons are outside of that age no obligation or right is applicable to them or to the fact for which they claim indemnity. Although the clause declares the insurance to be for the term of one year, yet it also declares that the insurance is not available for persons whose age is outside of the prescribed bounds, and a case within both of these provisions must appear in order to enforce indemnity.

*Secondly.* If the intention had been to confine the issuance of policies to persons of the specified age, there would probably have been an inquiry by the company as to the age of the applicant and some warranty as to the truth of his answer; but nothing of that nature appears.

*Lastly.* The reason for such a limitation points to the time of accident rather than to the time of contracting. Very young persons, from lack of discretion, and old persons, from lack of alertness and activity, are more liable to accident than others; and therefore it would be expected that a company, proposing to assume the risk of such accidents, would fix limits to the age within which the accidents insured against must happen. It would not matter to the company at what time the contract was made, but the scope of the contract, the accidents which it should cover, would be all important. Hence it is reasonable to infer that this provision was inserted as one of the terms defining the range of the risks assumed and requiring that the accident must occur during the stated

period of life in order to charge responsibility for it upon the company.

The defendant is entitled to judgment on the demurrer.