FANNIE B. WHEELER v. UNITED STATES CASUALTY COMPANY.

Argued June 8, 1904—Decided December 22, 1904.

1. An accident insurance policy, issued for the term of one year, contained a provision that the insurance should apply only to persons over sixteen years of age and under sixty-five years of age. After the decision of this court that it was essential to recovery, under the policy, that the assured should be within the ages stated at the time of the injury, the plaintiff filed an amended declaration averring that the assured, in a written application for the insurance, and in response to an inquiry of defendant, stated that his age was sixty-four years—*Held*, that the count was demurrable, in the absence of an averment that the assured was under sixty-five years of age at the time of the accident.

2. An averment that the defendant, after the death of the assured and prior to the expiration of the year from the issue of the policy, waived the provisions that the insurance should apply only to persons over sixteen years of age and under sixty-five years of age, and ratified and confirmed the policy as a contract of insurance for one year, sets forth a new contract with the present plaintiff instead of with the assured, and in the absence of any averment of a consideration for this new contract, is demurrable.

3. The policy provided that "no conditions or provisions shall be waived or altered by anyone unless by written consent of an officer of the company at the home office." *Held*, that the provision that the insurance should apply only to persons over sixteen years of age and under sixty-five years of age, could only be waived or altered by written consent, in accordance with the policy.

---

On demurrer to amended declaration.

Before Justices GARRISON and SWAYZE.

For the plaintiff, *John M. Enright*.

For the defendant, *Somers & Adams*.

The opinion of the court was delivered by

SWAYZE, J. A demurrer in this case was sustained (41 *Vroom* 370), and the declaration held to be defective.

The plaintiff has amended her declaration, and the defendant has demurred to the first two counts.

The first count now avers that the assured made a written application for the insurance, and in response to an inquiry of the defendant stated that his age was sixty-four years; and that after the death of the assured, and prior to the expiration of the year from the date of the issue of the policy, the defendant waived the provision that the insurance should apply only to persons over sixteen years of age and under sixty-five years of age, and ratified and confirmed the policy as a contract of insurance for one year.

The second count is identical with the first, except that it omits the averments as to waiver.

The fact that the defendant knew the assured to be sixty-four years of age when the policy was issued cannot change the construction heretofore adopted by this court that the policy requires that the accident shall have happened while the person injured was over sixteen and under sixty-five years of age.

The averment meets one of the reasons urged by the court for the construction it adopted, but only one. The other reasons are as forceful now as when the case was formerly before us, and suffice of themselves to vindicate the conclusion we then reached. The fact that the policy was issued for a year does not lead to a different result. If the assured was, as he stated, sixty-four years old at the date of the application, the policy would continue for the full year from date of issue.

The averment of waiver does not make the count good. It is not a waiver of performance of conditions precedent by the assured, such as furnishing proof of loss. *Hibernia Mutual Fire Insurance Co.* v. *Meyer,* 10 *Vroom* 482; *Carson* v. *Jersey City Insurance Co.,* 14 *Id.* 300; *Merchants' Insurance Co.* v. *Gibbs,* 27 *Id.* 679; *Snyder* v. *Insurance Company,* 30 *Id.* 544. Nor can the waiver be held good as an estoppel, for the declaration shows that the plaintiff could not have been led to any act or encouraged in any omission to her prejudice by the act relied on as a waiver, as in *Fire Insurance*

*Co.* v. *Building Association,* 14 *Id.* 652, where a condition as to alienation was held to be waived; *Martin* v. *Jersey City Insurance Co.,* 15 *Id.* 273, where a forfeiture due to increase of hazard was waived; *Redstrake* v. *Cumberland Insurance Co., Id.* 294, where a provision avoiding the policy in case of effecting other insurance was waived, and the present Chancellor called attention to the distinction between cases of waiver and cases of estoppel; *Martin* v. *State Insurance Co., Id.* 485, where delay in bringing suit was induced by the conduct of the defendant company.

The facts as averred in the present case do not show a ratification or a confirmation of a contract previously invalid; the declaration sets up an entirely new contract with the present plaintiff instead of with the assured with whom the contract was originally made, and for a term different from that of the original contract; but it fails to aver any consideration for this new agreement, and is therefore demurrable.

The case resembles *Ware* v. *Millville Fire Insurance Co.,* 16 *Vroom* 177; *New Jersey Rubber Co.* v. *Commercial Union Assurance Co.,* 35 *Id.* 580.

There is another insuperable objection to the first count. It refers to the copy of the policy annexed to the declaration and made part thereof. The policy provides that "no condition or provision shall be waived or altered by anyone unless by written consent of an officer of the company at the home office." The term for which the policy was to run is one of these "conditions and provisions which relate to the formation and continuance" of the contract, and not a condition to be performed after the loss has occurred. It is only to the latter class of cases that such a provision has been held to be inapplicable. *Snyder* v. *Insurance Co.,* 30 *Vroom* 544 (at *p.* 548).

The first count fails to aver a waiver by written consent, as the policy requires.

In support of the second count, it is urged that for aught that appears therein the assured may have been under the

age of sixty-five years at the time of the accident. The court has already held (41 *Vroom* 370) that the provision of the policy as to age "was inserted as one of the terms defining the range of the risks assured, and requiring that the accident must occur during the stated period of life in order to charge responsibility for it upon the company." Since the declaration by incorporating the policy shows that the contract applied only in certain cases, it was incumbent upon the pleader to bring this case within the terms of the contract by proper averments. This he has failed to do.

The defendant is entitled to judgment on the demurrer.