(55 Misc. 128)

## MOEST v. CONTINENTAL CASUALTY CO.

(Supreme Court, Equity Term, Erie County. April, 1907.)

1. INSURANCE—ACTION ON POLICY—LIMITATION BY PROVISION OF POLICY.

   Where an accident insurance policy provided that no action should be brought to recover for any benefit, other than the weekly benefit, unless commenced within nine months of the date of the accidental injury, an action for the death benefit, commenced more than nine months after the death of insured, was barred; the provision relating to losses by death, and not alone to losses from injuries not resulting in death.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, §§ 1544, 1546.]

2. SAME—CONSTRUCTION.

   A proviso in an accident insurance policy that it should not be construed or held to cover any person under the age of 18 or over the age of 60 years, being equally susceptible of the construction that it related to the date of issuing the policy and that it related to the date of the accident, will be taken to relate to the date of issuance; such contracts being construed strictly against the company and in favor of insured.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 292.]

Action on accident insurance policy to recover death benefit by Mary Moest against the Continental Casualty Company. Trial by the court by agreement of parties. Judgment for defendant.

Ford White, for plaintiff.

W. S. Jenkins, for defendant.

POUND, J. Defendant issued a certificate of insurance by which it undertook to insure Henry Moest, husband of plaintiff, against personal injury for one year from February 4, 1905. In case death resulted from such injuries, defendant agreed to pay plaintiff $5,000. The certificate provided that:

"No suit or proceeding at law or in equity shall be brought against this company for weekly benefits unless the same be brought within 6 months of the termination of total disability, or, in case the same shall last more than 200 weeks, within 30 months of the commencement thereof, nor for any other benefit unless within 9 months of the date of the accidental injury."

Moest received an injury July 3, 1905, which resulted in his death July 8, 1905. This action was begun on October 1, 1906, more than 9 months after the death of insured.

It is claimed by the plaintiff that the above provision of the certificate does not relate to losses by death, but only to injuries not resulting in death. The words "accidental injury," in a policy of this kind, were construed in Cooper v. U. S. M. B. Ass'n, 132 N. Y. 334, 30 N. E. 833, 16 L. R. A. 138, 28 Am. St. Rep. 581, to mean, so far as the plaintiff is concerned, the death of the husband as the result of the accident, rather than the date of the accident itself. In that case it was held that plaintiff's action, brought more than the period specified after the accident, but within the period specified of the husband's death, could be maintained. The provision of the certificate above quoted should so be construed as to give it effect, if possible, as it was clearly intended to cover all benefits, death benefits included. I think that it applies here, and is a bar to plaintiff's action.

The policy contained a proviso in fine print towards the end that it "shall not be construed or held to cover any person under the age of 18 or over the age of 60 years." On February 2, 1905, when the policy was extended for one year, insured was less than 60 years of age, having been born on April 16, 1845; but at the time of his death, and also at the time of the accident, he was upwards of 60 years of age, and defendant claims that it is not liable on said policy by reason of such proviso. As the words above quoted are ambiguous, and susceptible equally of the construction which relates the words "60 years" to the date of issuing the policy and to the construction which relates the words to the date of the accident, I shall follow the rule which requires such contracts to be construed most strictly against the company, and hold that plaintiff would be entitled to recover, were it not for the lapse of time. The company had notice at the time of writing the policy that insured was 59 years old. Yet it insured him for a full year, and took from him a full year's premium. If it meant to take his money without performance on its part

in case of death within the year, it should have chosen more accurate language.