Anna Krmicek, Appellant, v. Federal Life Insurance Company, Appellee.

Gen. No. 33,112.

Opinion filed March 26, 1929.

J. M. CAMELON and H. F. CHAVERIAT, for appellant.

LOUCKS, ECKERT & PETERSON, for appellee; W. W. PATTERSON, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

This is an action in assumpsit brought by plaintiff as beneficiary against the defendant on an accident insurance policy for $7,500, and interest, for accidental death of plaintiff's husband. A demurrer to the declaration was sustained, and plaintiff electing to stand by the same the cause was dismissed at plaintiff's costs and she has appealed.

The policy is set out at length in the declaration. It contains the standard and optional standard provisions provided for by statute. Cahill's St., ch. 73, ¶¶ 469, 470. One of said optional provisions reads as follows:

"20. The insurance under this policy shall not cover any person, under the age of ...... years nor over the age of ...... years. Any premium paid to

the Company for any period not covered by this policy will be returned upon request.'' Paragraph 470 (5).

The policy fixes the minimum and maximum years at 16 and 70 years, respectively, and "in consideration of the registration fee of one dollar ($1.00) paid by the insured" and other good and valuable considerations "and subject to the terms, conditions and limitations" thereinafter contained, insured the deceased "for a term of twelve (12) months" from the date of the policy, namely, March 6, 1925, against death by accidental means.

The declaration alleges that the death of the insured occurred on June 18, 1925, from an accident two days earlier, that he was born June 13, 1855, and that at the time of the issue and delivery of the policy defendant knew his age and that he would become 70 years of age June 13, 1925.

Thus is presented the sole question whether the policy insured for a full year or only to the date the deceased became 70 years of age.

While appellant's counsel directs attention to the recognized rule of liberal and favorable construction to the insured when the contract is ambiguous, no ambiguity is pointed out nor is there any in our opinion. Nor is the policy inconsistent on its face, for while the first contractual clause is headed "Age 69," it nowhere appears in the policy when the insured became 69. For aught that appears to the contrary from the face of the policy he may have reached that age the day it was executed. Appellant's contention that the policy insured the deceased for a full year rests entirely, therefore, upon the alleged knowledge of the insurer that the deceased would be beyond the prescribed age for insurance before the end of the year.

On the basis of such knowledge it is argued in effect that the optional provision above quoted (1) was waived, and (2) that it is a general provision which,

if found in conflict with the contractual clause of insurance for one year, must give way to the latter on the theory that a special provision will prevail over a general one.

We think there is no room for the application of either theory. In the first place, notwithstanding the allegation of defendant's knowledge of the age of the insured at the time the policy was issued, it is at least doubtful whether in view of other provisions of the policy it is a material averment of which proof would be admissible. The second standard provision provides that "no statement made by the applicant for insurance not included herein . . . shall be used in any legal proceeding hereunder." Paragraph 5 of the general provisions of the insurance policy provides that "it is understood and agreed that the application is not part of the contract except to determine the beneficiary." It would seem, therefore, that proof of knowledge of the age of the insured by his application or his verbal statement would under such provisions be inadmissible, and proof from any other source equally so.

But whether proof of the averment of knowledge would be admissible or not, it is expressly provided in section 4 of the Act in question (¶ 470) that no policy shall be issued or delivered which contains any provision "relative to the age limits of the policy; unless such provisions which are hereby designated as optional standard provisions, shall be in the words and in the order in which they are hereinafter set forth." The several enumerated provisions of the statute, including that above quoted, are contained in the policy.

It thus appears that the statute has prescribed the precise form and phraseology in which a provision "relative to the age limits of the policy" shall be set forth in the policy, and the policy in question strictly conforms thereto. To exercise its privilege to limit

the policy in respect to the age of the insured, the insurer was bound to do so in the very language. employed in the policy. The clause therefore is legal.

Must it necessarily follow, therefore, that the insurer waived this provision by insuring for the term of one year with knowledge that the insured would reach the maximum insurable age before the end of the year? We think not. In the contracting clause for the term of the insurance it is expressly stated that it is subject to the terms, conditions and limitations thereinafter contained in the policy. One of such limitations is that above quoted relative to age. The two provisions, that for the term of the policy, and that qualifying or limiting it, must obviously be read together. It was so held in *Metzger v. Ætna Ins. Co.,* 227 N. Y. 411, in construing a limitation in a policy for fire insurance for the term of one year which was limited by a subsequent risk clause, the court saying that the legality of the risk clause could not be questioned and had the insured read the policy he would have known the agreement he was entering into. The court said "express conditions within a policy terminating or forfeiting the insurance within the term prescribed in the policy are neither novel nor unusual." It was there said that the limitation was a potential qualification of the expressed existence of the insurance through the term of one year.

If, therefore, as seems to have been the intendment, the term of insurance was qualified by the limitation clause, then there is no ground for the theory of waiver.

Considering a somewhat similar policy in *Wheeler v. United States Casualty Co.,* 71 N. J. L. 396, where waiver of such a limitation was pleaded in the declaration, the court held that the allegation could not change the construction of the policy previously given in 30 N. J. L. 370, where it held that the provision relative to age refers to the date of the accident and not to the

date of the policy. It said that it was not a case of waiver of performance of conditions precedent by the assured and that the averment was not good as an estoppel. Appellant concedes that there is no room here for the doctrine of estoppel.

Approving such construction of the age limitation in 2 Cooley Ins. Briefs (2d Ed.), p. 1394, the author says that an accident policy reciting such a limitation terminates when the insured reaches the age prescribed therein. If this were not so, then as the policy provides for a renewal for one year defendant, in spite of such limitation and its manifest intendment, would be compelled to carry the risk until the insured was well upward of 71 years of age.

Appellant's counsel concede that if the provision relates to the time of the accident then appellant's case must fall, but cite to the contrary an opinion of the trial court in *Moest v. Continental Casualty Co.,* 104 N. Y. Supp. 553 (affirmed by the Appellate Division of that court in 106 N. Y. Supp. without an opinion), and also *Partridge v. Fidelity & Casualty Co.,* 207 N. Y. Supp. 502. The opinion in the former case rests upon the theory that the limitation clause is equally susceptible of being construed as relating to the date of the policy or the date of the accident and, therefore, was ambiguous, and being so it would be construed most strictly against the company. We have already said that we do not think there is any ambiguity in the language of the policy. If not, then it should receive the ordinary construction of any other contract. The decision in the *Partridge* case rests wholly on the ground of alleged inconsistency in the two provisions, that for the term of the policy, and that prescribing the limitation as to age. We have already said that we do not consider it a case of inconsistent provisions but rather where one is qualified by the other. As before said, on the face of the policy the two clauses are not inconsistent and the insurance clause is not only

expressly made subject to the subsequent limitations of the policy including that relative to age, but there is express consistency in the provision for the return of "any premium paid to the insurer for any period not covered by this policy." There is no claim that the insured was deceived in taking out the policy. He was, therefore, chargeable with knowledge of its limitations and the express provision in the contractual clause for the term of the policy that it was expressly subject to them. If, therefore, the limitation as to age must be given effect, there is no room for urging inconsistency between the two clauses or for the contention that the limitation clause must give way to that for the term of insurance.

Construing the policy as we do, we think the demurrer was properly sustained.

*Affirmed.*

GRIDLEY, P. J., and SCANLAN, J., concur.