9 So.2d 132

**MILLER v. LIBERTY NAT. LIFE INS. CO.**

**6 Div. 39.**

Supreme Court of Alabama.

June 5, 1942.

Rehearing Denied June 30, 1942.

Coleman, Spain, Stewart & Davies and Ralph B. Tate, all of Birmingham, for the petition.

J. L. Drennen, of Birmingham, opposed.

GARDNER, Chief Justice.

This cause was tried upon an agreed statement of facts and was submitted in the court below and in the Court of Appeals upon the merits concerning the proper construction of the insurance contract. The facts being undisputed it is proper we examine the insurance contract and the agreed facts as to the case for the interpretation of the policy as suggested by counsel for the respective parties. Cranford v. National Surety Corp., 231 Ala. 636, 166 So. 721; Fairbanks, Morse & Co. v. Dees, 220 Ala. 604, 126 So. 621; Hood v. State, 230 Ala. 343, 162 So. 543.

Upon original consideration we were inclined to the view no duty rested upon us for further examination of the record in the light of its interpretation by the Court of Appeals. But upon re-consideration we recede from that position, withdraw our memorandum opinion and proceed to a determination of the meritorious question of policy contract interpretation as argued by counsel.

The policy is a dual one, providing for health and accident benefits and also for a death benefit payable to a named beneficiary. The weekly premium was 35 cents.

The opinion of the Court of Appeals contains a sufficient statement of the facts with salient features of the contract set out and they need no re-statement here.

The policy provision here in question is found in Section 11 of the contract and in the concluding sentence as follows: "and all liability of the company for disability for sickness or accident ceases in this policy after the insured reaches his 55th birthday".

The accident which produced the total disability of insured occurred prior to the date of his 55th birthday. The insurance company insists that under the above-noted extract from clause 11 of the policy all obligation to pay insured for such total disability ceased when he reached his 55th birthday although the accident which produced the disability occurred before that date and his right to recover therefor had occurred prior thereto. The trial court accepted this view and denied recovery.

All are agreed that it is the well-accepted rule that doubtful terms in an insurance policy are to be construed favorably to the insured. And of course we recognize this rule calls for no strained construction to raise a doubt, and that insurance companies (statutory provisions to one side) have the same right as individuals to limit their liability and to impose such conditions as they wish upon their obligations, not inconsistent with public policy and that the courts are without right to add to or subtract therefrom. Expressions of this character are to be found in a number of decisions, among them Rodgers v. Commercial Casualty Ins. Co., 237 Ala. 301, 186 So. 684; and Loveman, Joseph & Loeb v. New Amsterdam Casualty Co., 233 Ala. 518, 173 So. 7.

Petitioner insists the meaning of the concluding sentence of clause 11 is plain and unambiguous and of consequence leaves no room for construction or interpretation. Loveman, Joseph & Loeb v. New Amsterdam Casualty Co., supra. But we are unable to agree. As previously observed the policy is of a dual nature, insuring against disability by reason of sickness or accident and also a death benefit. As to accident and health the policy is ineffective after insured reaches his 55th birthday. As to these disabilities the liability of the company under the policy arose at the time of its issuance and ceased when insured reached the age of 55. But the obligation to pay the weekly benefits based upon the duration of the disability caused by the accident, did not arise until the accident occurred.

And as well argued by counsel for plaintiff this latter obligation, while arising by virtue of the original liability created by the issuance of the policy, did not become a cause of action until the accident occurred and is therefore distinguishable from the original liability under the policy. And the "liability" in this clause of the contract has relation to the responsibility assumed by the company when the policy was issued and we think may well be construed as having reference to the limitation of the time such responsibility shall continue.

In short we consider that clause 11 may properly be construed as intended to terminate this original liability at age 55. The preceding sentence in this clause 11 has reference to risks assumed as regards the question of age, a minimum age of 16 and a maximum of over 54. And of course this clause is to be considered in relation to all other clauses and viewed in the light of the entire contract.

Clause 7 contains certain stipulations as to cancellation and reduction of premiums, but expressly provides that it shall be without prejudice "to any claim originating prior thereto". There is a limitation of 182 days payment for disability benefits by reason of accident (clause 5) during any twelve consecutive months. And this is the only limitation found in the policy as to benefit payments. Clause 11 was intended to limit the period beyond which the company would not assume the risk and language of this character was necessary to that end, but we think it may well be construed as having no relation to cessation of benefit payments for an accident occurring prior to the time insured reached the age of 55. If so intended more definite language could well have been employed.

To construe it otherwise would in effect be saying that a permanent disability from an accident occurring on the last day of insured's 54th year was not an accident covered by the policy, a result clearly not in contemplation of the parties.

The rule is that if doubt arises as to the limitation of liability or relating to matters subsequent to the attaching of the

liability, the policy provisions are to be construed most favorably toward the insured. 1 C.J. 414.

The case of Wheeler v. United States Casualty Co., 70 N.J.L. 370, 57 A. 124, 125, contains a discussion of a policy provision bearing some analogy to that in the instant case, wherein it was observed: "The reason for such a limitation points to the time of accident, rather than to the time of contracting. Very young persons, from lack of discretion, and old persons from lack of alertness and activity, are more liable to accidents than others; and therefore it would be expected that a company, proposing to assume the risk of such accidents, would fix limits to the age within which the accidents insured against must happen. It would not matter to the company at what time the contract was made, but the scope of the contract, the accidents which it should cover, would be all-important".

See also Moest v. Continental Casualty Co., 55 Misc. 128, 104 N.Y.S. 553. And the several opinions rendered in the old English case of Kish v. Cory, Vol. X Law Reports Queen's Bench, p. 533 serve to demonstrate the varying meanings that may be accorded the expression "charterer's liability to cease when the ship is loaded", as illustrated by the opinion of Brett, J., on page 559 where he insists it is capable of three distinct meanings.

But we forego further discussion. We have considered the authorities noted by petitioner in addition to those previously cited (Wentz v. State, 108 Neb. 597, 188 N.W. 467; Murphy v. Chicago League Ball Club, 221 Ill.App. 120; Ellingson v. Walsh, O'Connor & Barneson, Cal.App., 95 Pac.2d 185), but we do not think they militate against the conclusion reached.

We cannot agree that to construe the words "all liability" as found in clause 11 to mean a reference only to disability arising after insured reached the age of 55 is to place a strained, unnatural and unreasonable construction on the words used. Indeed, we think the language is of doubtful meaning and that it is capable of being very reasonably interpreted as we have herein indicated.

We find ourselves in accord with the conclusion of the Court of Appeals though we arrive at our decision by an entirely different line of reasoning. The result is, however, that the writ is due to be denied and

the application for rehearing overruled. It will be so ordered.

Writ denied. Application for rehearing overruled.

All Justices concur, except KNIGHT, J., not sitting.