(106 So. 617)

## LANCASTER v. STATE. (6 Div. 420.)

(Supreme Court of Alabama. May 28, 1925. Rehearing Denied June 20, 1925.)

1. Homicide ⟷169(4)—Evidence that members of defendant's company composed mob committing the crime material only in connection with other evidence that defendant was one of party.

In prosecution for murder growing out of an alleged conspiracy by defendant and other members of National Guard company, where one of the issues was whether mob was composed of members of the company, evidence on such issue was material only in connection with other evidence that defendant was one of the party, which, when shown, makes any circumstance tending to connect members of company with homicide admissible.

2. Criminal law ⟷424(1)—Efforts to conceal evidence of crime on part of its perpetrators held admissible.

Commission of murder by masked mob implies a continued conspiracy of concealment and suppression, and efforts to conceal evidence of crime on part of its perpetrators was admissible.

3. Criminal law ⟷407(2)—Statements of nonconspirator only admissible where accused is called upon to disclaim it.

Statements of a party, not a member of conspiracy, advising conspirators not to say anything are not admissible against defendant, and can only become admissible under conditions pointing so directly to accused that he is called upon to disclaim the express or implied imputation of crime—when his silence may be reasonably deemed an admission of guilt.

4. Criminal law ⟷1179—Supreme Court looks only to findings of Court of Appeals as to tendencies of evidence.

On certiorari, the Supreme Court looks only to findings of Court of Appeals as to tendencies of the evidence.

### On Rehearing.

5. Criminal law ⟷1179—Findings of fact and application of law to facts by appellate court not reviewed, unless misapplication of law shown and record of trial court not considered.

The Supreme Court will neither review the findings of fact by Court of Appeals nor application of law to facts, unless tendencies of evidence shown in decision of Court of Appeals disclose a misapplication of the law, and hence Supreme Court will not go to record of trial court to find if there was other evidence which would affect correctness of the decision reviewed by certiorari.

6. Criminal law ⟷407(1)—Testimony of declarations by nonconspirator should be admitted when acquiesced in by defendant.

In prosecution for murder growing out of an alleged conspiracy by defendant and other members of National Guard company, evidence that at time when company was to be inter-

⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

viewed by Attorney General regarding the crime, and at same time that commanding officer, not connected with conspiracy, told his men not to say anything, defendant told men that anyone squealing would be punished, *held* to warrant admission of testimony of the officer as shown to have been acquiesced in by defendant.

**7. Criminal law ⬅1179—Whether evidence showed acquiescence by defendant in declarations of another held for Court of Appeals.**

Whether there was evidence tending to show acquiescence by a conspirator in declarations of a nonconspirator regarding suppression of evidence is a question for Court of Appeals, as to which its findings will not be reviewed by Supreme Court.

Certiorari to Court of Appeals.

Robert Lancaster was convicted of murder in the second degree, and appealed to the Court of Appeals. The judgment being there reversed, the State petitions for certiorari to the Court of Appeals to review and revise its said judgment and decision in the case of Robert Lancaster v. State, 106 So. 609. Writ denied.

See, also, post, p. 76, 106 So. 618.

Harwell G. Davis, Atty. Gen., Horace C. Wilkinson, Sp. Asst. Atty. Gen., and W. C. Davis and B. G. Wilson, Sol., both of Jasper, for the State.

It is not necessary to prove a conspiracy by positive evidence, but its existence may be inferred from circumstances attendant upon the doing of the act and from the conduct of the parties subsequent to its commission. Brindley v. State, 193 Ala. 43, 69 So. 536, Ann. Cas. 1916E, 177. An attempt by a defendant to suppress testimony is admissible in evidence. Ex parte State, 209 Ala. 5, 96 So. 605. And an attempt by persons other than the accused to suppress testimony may be proven, if the accused had knowledge of, or was in any way connected with, the attempt. Wigmore on Evi. (2d Ed.) 572; Smith v. State, 16 Ala. App. 546, 79 So. 802; 16 C. J. 550; Piano v. State, 161 Ala. 88, 49 So. 803; Clarke v. State, 78 Ala. 474, 56 Am. Rep. 45; Morehead v. Comm., 194 Ky. 592, 240 S. W. 93. Any fact or circumstance tending to show consciousness of guilt on the part of the defendant is admissible. McAdory v. State, 62 Ala. 154. The evidence was sufficient to authorize the jury to infer that Lollar was a member of the conspiracy to kill deceased and conceal the crime. Hunter v. State, 112 Ala. 77, 21 So. 65.

A. H. Carmichael, of Tuscumbia, E. B. & K. V. Fite, of Hamilton, Foster, Rice & Foster, and Harwood & McQueen, all of Tuscaloosa, and L. D. Gray, of Jasper, opposed.

The alleged statement of Capt. Lollar was inadmissible. Martin v. State, 89 Ala. 115, 8 So. 23, 18 Am. St. Rep. 91; Phœnix Ins. Co. v. Moog, 78 Ala. 284, 56 Am. Rep. 31; 1 Greenleaf on Evi. §§ 184a, 233; Delaney v. State, 204 Ala. 685, 87 So. 183.

BOULDIN, J. [1] This court does not commit itself to the holding of the Court of Appeals to the effect that error intervened in the admission of the evidence that a pair of pants and a hat were found in the Buick car, referred to as the "death car," after its return from its death mission, nor in the admission of evidence that clothing and other equipment of Company M were missing when checked up after the homicide. 106 So. 609. One inquiry in the cause was whether the mob was composed of members of Company M. Evidence on this inquiry was material only in connection with other evidence that defendant was one of the party. This latter evidence being in, any circumstance tending to connect the men of Company M with the homicide was admissible. It is not necessary that every circumstance point directly to defendant, if in connection with all the circumstances it tended to identify him with the mob.

[2] We do not approve the holding of the Court of Appeals that, even if Capt. Lollar was shown to be one of the coconspirators, his subsequent instructions to the company, looking to a suppression of the facts, the defendant being present, would not be admissible. As correctly held by the Court of Appeals in dealing with other rulings, efforts to conceal evidences of the crime on the part of its perpetrators was admissible. It may be said that, in the nature of the case, the commission of murder by a masked mob implies a continued conspiracy of concealment and suppression.

[3, 4] But we do approve the holding of the Court of Appeals that, in the absence of any evidence tending to connect Capt. Lollar with the mob, his instructions or advice to the members of the company were not admissible against defendant. Not being a member of the conspiracy, he was not a spokesman for its members by reason of the criminal relation existing between them, and his declarations could only become admissible under that other rule which admits declarations of third persons under conditions pointing so directly to accused that he is called upon to disclaim the express or implied imputation of crime—when his silence may be reasonably deemed an admission of guilt. On certiorari this court looks alone to the findings of the Court of Appeals as to the tendencies of the evidence. Upon the finding by that court that there was no sufficient evidence to connect Capt. Lollar with the conspiracy, the admission of his declarations was error, and worked probable injury to defendant.

Writ denied.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

#### On Rehearing.

BOULDIN, J. The application for rehearing on behalf of the state has been carefully considered by the full court.

[5] We adhere to and apply the rule often stated that we neither review the findings of fact by the Court of Appeals, nor the application of the law to the facts, unless the tendencies of the evidence shown in the decision of the Court of Appeals disclose a misapplication of the law. Hence, we do not go to the record of proceedings of the trial court to find if there was other evidence which would affect the correctness of the decision we are reviewing by certiorari.

[6] In the brief of the state's counsel presented to us on rehearing, it is earnestly insisted there was evidence tending to show the defendant's active acquiescence and co-operation in the effort to suppress testimony by Capt. Lollar. Thus it is stated in brief that the witness Hartley further testified that at the same time of Capt. Lollar's instructions to Company M, copied in the opinion of the Court of Appeals, and in contemplation of the interview with the state's attorney, this defendant said: "If any of you jig heads go and squeal on us, we're going to whip hell out of you."

[7] If this is shown by the record, we hold it was sufficient to warrant the admission of the statements of Capt. Lollar; there was no error in their admission; and the cause should have been affirmed. On like predicate they will be admissible on another trial, in the event it is ordered. It would appear, if state's counsel are correct in quoting testimony from the record, the Court of Appeals overlooked this tendency of the evidence in finding there was no evidence of acquiescence by defendant in the declarations of Capt. Lollar; but, as stated, this is a question wholly for that court.

Application overruled.

All the Justices concur.