(116 So. 418)

## PARHAM v. STATE. (1 Div. 489.)

Supreme Court of Alabama.    April 5, 1928.

Rehearing Denied.

**1. Criminal law ⊗⇒1179—On certiorari, Supreme Court will review Court of Appeals only on law questions, unless facts are fully stated in opinion.**

Supreme Court, on certiorari, will review Court of Appeals decision only on questions of law, not on findings of facts or application of law thereto, nor application of doctrine of error without injury, unless facts are fully stated in opinion, so that review may be effected without examining record filed in Court of Appeals.

**2. Criminal law ⊗⇒1179—Supreme Court will not review on certiorari, Court of Appeals' ruling as to refusal of affirmative charge for defendant, where all facts are not stated in opinion.**

Court of Appeals' ruling as to refusal of affirmative charge for defendant will not be reviewed by Supreme Court on certiorari, where all facts of case are not stated in Court of Appeals' opinion.

**3. Criminal law ⊗⇒717, 719(1)—Statement in argument of facts not in evidence is reversible error, though counsel may read applicable law to court in jury's presence.**

While counsel may read the law, statutes, or excerpts from Supreme Court opinions declaring the law to the court in jury's presence, when applicable to case, as exercise of party's constitutional right to be heard, counsel's statement of facts not in evidence in argument, with injurious consequences, is reversible error.

**4. Criminal law ⊗⇒719(4)—Solicitor's statement in opening argument that he was denied privilege of proving defendant's handwriting by experts in forgery trial held improper (Code 1923, § 7705).**

Solicitor's statement to jury in opening argument in forgery trial, after reading Code 1923, § 7705, to court in jury's presence, that he had been denied privilege of proving defendant's handwriting by expert testimony by court's ruling, *held* improper.

**5. Criminal law ⊗⇒1171(3)—Solicitor's statement in opening argument that he was denied right to prove defendant's handwriting by experts in forgery trial held without injury (Code 1923, § 7705).**

Solicitor's statement in opening argument at forgery trial, after reading Code 1923, § 7705, to court in jury's presence, that he had been denied privilege of proving defendant's handwriting by expert testimony, *held* without injury, being statement of occurrence during trial in jury's presence, and met by presiding judge's statement that he did not deny solicitor such right, but stated that he had right to do so in main case, and was going to charge jury that it had right to compare signatures.

Certiorari to Court of Appeals.

Cecil Parham, alias Palm, was convicted of forgery, and to review a judgment and de-

---

cision of the Court of Appeals affirming the conviction (116 So. 417), he brings certiorari. Writ denied.

Gordon, Edington & Leigh, of Mobile, for appellant.

The argument of the solicitor constituted reversible error. Cross v. State, 68 Ala. 484; American Ry. Exp. Co. v. Reid, 216 Ala. 479, 113 So. 507; Hundley v. Chadick, 109 Ala. 582, 19 So. 845; Stone v. State, 105 Ala. 65, 17 So. 114; Anderson v. State, 104 Ala. 85, 16 So. 108; Scott v. State, 110 Ala. 53, 20 So. 468; Birmingham Nat. Bank v. Bradley, 116 Ala. 150, 23 So. 53.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

BROWN, J. [1, 2] It is a settled rule that this court, upon certiorari, will review the Court of Appeals only on questions of law, and not upon the finding of fact or application of the law to the facts, or the application of the doctrine of error without injury, unless the facts are fully stated in the opinion of the Court of Appeals so that a review may be effected without an examination of the record filed in the Court of Appeals. Postal Tel. Co. v. Minderhout, 195 Ala. 420, 71 So. 91; Birmingham So. R. Co. v. Goodwin, 202 Ala. 599, 81 So. 339; Campbell v. State, 216 Ala. 295, 112 So. 902; Ex parte Steverson, 211 Ala. 597, 109 So. 912. This precludes a review of the Court of Appeals in dealing with the refusal of the affirmative charge where, as here, all the facts of the case are not stated in the opinion of the Court of Appeals.

This leaves but a single question open for review in this case; i. e., the court, over the objection of the defendant, allowed the solicitor in his opening argument to read section 7705 of the Code to the court, and to state to the jury "that he had been denied, by the ruling of the court, of the privilege of proving by expert testimony the handwriting of the defendant," as we take it, on the check alleged to have been forged.

[3] The practice of permitting counsel to read the law to the court in the presence of the jury, and of reading statutes or excerpts from the opinions of this court declaring the law, when applicable to the case in hand, is a practice that has often been approved as an exercise of the constitutional right of a party to be heard. L. & N. R. Co. v. Cross, 205 Ala. 626, 88 So. 908.

At the same time, it has often been declared that it is not permissible for counsel in argument to state facts not in evidence, and when this rule has been infringed upon, with injurious consequences, reversible error is the result. The decisions have been recently reviewed and clarified in the case of American

Ry. Exp. Co. v. Reid, 216 Ala. 479, 113 So. 507.

[4, 5] The statement of the solicitor complained of in this case was clearly improper, but it was the statement of an occurrence that took place during the trial in the presence of the jury, and was met by the statement of the presiding judge:

"I did not deny you the right to prove the genuineness of the writing by experts; I said that you had had that right in your main case, and that the jury has the right to compare them, and I am going to so charge them."

Under these circumstances we are of opinion that the statement of the solicitor was without injury and could not have in any way influenced the verdict.

Writ denied; application for rehearing overruled.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.