(123 So. 262)

## FRICK CO. v. MONROE. (8 Div. 93.)

Supreme Court of Alabama. April 25, 1929.

R. E. Smith, of Huntsville, and Thos. B. Hill, Jr., of Montgomery, for appellant.

Watts & White, of Huntsville, for appellee.

Brief of counsel did not reach the Reporter.

SAYRE, J. ██ This court has uniformly refused to review the Court of Appeals on questions of fact when such review would involve recourse to the bill of exceptions. Postal Telegraph Co. v. Minderhout, 195 Ala. 420, 71 So. 91. In the case here presented the Court of Appeals states the facts and draws its conclusion, and the question now is whether the Court of Appeals has drawn the correct conclusion of law from the facts appearing on the face of its opinion—a question of law.

██ The Frick Company sued Monroe for the price of a portable sawmill outfit. The statement of facts by the Court of Appeals shows that Monroe ordered a "Left-hand Portable Circular Saw Mill," described in further detail, but not otherwise described with reference—or right-handedness. The Court of Appeals in its opinion states that "The saw shipped by the Birmingham concern was * * * right hand." The court's opinion shows that Frick Company shipped all the machinery called for in Monroe's order except the saw. The saw was shipped by the Birmingham concern for and at the instance of Frick Company. Notwithstanding the statement of the case, supra, which we have taken from the opinion of the Court of Appeals, that court said in the further progress of its opinion: "We do not know, and the record does not inform us whether the saw shipped was different from the saw described in the order * * * or not. The testimony of the witness Monahan is to the effect that the order was properly filled. If it is different, and the appellee [Monroe, defendant in the trial court] was relying upon that defense, this fact should have been made clear to the court and jury trying the case." The trial court seems to have thought the matter clear, for it gave the general affirmative charge on defendant Monroe's request. The Court of Appeals was of

**2**

opinion that the trial court should have given the general charge requested by the Frick Company.

As we read the opinion of the Court of Appeals, its conclusion that the Frick Company was entitled to the general charge was based upon consideration of a matter different from the matter of the left or right handedness of the saw. As for that different matter, we have and express no opinion for the reason that we are not advised as to the facts or the evidence in support of what may have been the opposing contentions of the parties.

But, conceding for the argument that the Court of Appeals was correctly advised as to the facts on which it founded its opinion of the point on consideration of which it states its judgment that the Frick Company was entitled to the general charge, that judgment, it seems to us, cannot be maintained unless the court was of the further opinion that Frick Company caused to be shipped to Monroe a saw in substantial compliance with Monroe's order, or unless the court was of opinion that on the facts appearing of record Monroe, by insisting upon another matter, waived the difference between a left handed saw and a right-handed saw, whatever that may be. If it be conceded that. in the absence of a waiver—as to which we are not well enough informed to express an opinion—the question whether an order for a left-hand sawmill may be properly filled by supplying a right-hand saw remained to be decided, and the opinion of the Court of Appeals in its entirety can only be approved on the theory that the courts judicially know that there is no substantial difference between the two saws or sawmills. As to that we feel some diffidence. But, whether the fact be that the term "left-hand" should be applied to the saw only, or, as we think most likely, to the whole outfit, the statement of the evidence made by the Court of Appeals shows that the question whether the outfit shipped to Monroe complied with his order was a question for jury decision. It follows that, while this court thinks the trial court erred in giving the general charge for Monroe, the Court of Appeals was also in error in its opinion that the Frick Company was entitled to the general charge.

There may be other questions in the case the proper decision of which would have a bearing on the matter as to which we have expressed our opinion. As to that, of course, the Court of Appeals will feel entirely free to follow the suggestions of its own judgment. On the case now presented to this court we think the opinion of the Court of Appeals should be modified. The conclusion to order the judgment of the trial court to be reversed and the cause remanded for another trial should be affirmed, but the statement that

Frick company, on the facts as they now appear, was entitled to the general charge should be eliminated.

Opinion corrected; writ denied.

All the Justices concur.