162 So. 543

## HOOD v. STATE.

8 Div. 652.

Supreme Court of Alabama.

May 2, 1935.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for petitioner.

Seybourn H. Lynne, of Decatur, opposed. Brief did not reach the Reporter.

BROWN, Justice.

The defendant was charged in the county court of Morgan county, in separate counts of the verified complaint, of the violation of sections 5 and 10 of the act approved October 28, 1932 (Gen. Acts 1932, Ex. Sess., pp. 178, 180, 181), known as the "Tidwell Bill," defining and regulating "contract carriers and common carriers by motor vehicle not subject to the provisions of the Alabama Motor Carrier Act of 1931," in that he operated, as a contract carrier or common carrier of persons, a motor vehicle for hire upon the public highways of the state without a permit, as required by the provisions of section 5 of said act of 1932, and as such contract carrier or common carrier operated said motor vehicle "without having a distinguishing plate conspicuously displayed on the front or rear of such vehicle in violation of section 10" of said act of 1932.

On the trial the defendant pleaded not guilty, and the parties—the state and the defendant—made "an agreed case containing the facts at issue between them, and filed the same" in the county court as authorized by section 6095 of the Code, as amended by the act approved July 6, 1931, Gen. Acts 1931, p. 409.

The defendant was convicted and fined $50, and thereupon the clerk of the county court certified "said agreed facts, with the decision thereon to the Court of Appeals," as authorized by the statute. Gen. Acts 1931, p. 409.

The Court of Appeals reversed the judgment of conviction and ordered the defendant discharged; and the state, through the Attorney General, brings the case here by certiorari.

The "agreed case containing the facts at issue," when filed in the trial court, by force of the statute, section 6095, as amended, became a part of the record proper, and, when the agreed case is certified as authorized by the statute, the question presented is one of law arising on the record. Williams v. State, 215 Ala.

586, 112 So. 193. And, reviewing the decision of the Court of Appeals, this court will look to the record, in connection with the opinion of the Court of Appeals. Ex parte E. C. Payne Lumber Co. (Simpson v. E. C. Payne Lumber Co.), 205 Ala. 259, 87 So. 876.

The "agreed case containing the facts at issue," so far as material, recites that "within twelve months before the 31st day of May, 1934, Charles Hood operated his automobile over the public highways of Morgan County, Alabama, as a taxi cab. He contracted to carry persons from any place in the county to any specific destination, either within the state or county or without the state, for a fee or charge which varied with the length of the trip. He did not have any established route. * * * The defendant has applied for and obtained a taxi cab license plate for his automobile sometime before the commission of the acts complained of, but had never obtained a permit to operate his automobile as a contract carrier in violation of section 5 of the said Tidwell Bill. Nor did the defendant have conspicuously displayed on either the front or rear of his automobile a distinguishing plate as required by section 10 of said Tidwell Bill."

The "Alabama Motor Carrier Act of 1931" (Gen. Acts 1931, pp. 303–324) confers on the Alabama Public Service Commission jurisdiction over common carriers, as therein defined, by motor vehicles, excluding "motor vehicles engaged exclusively in transporting solely within the limits of any city, town or village in this State or within the police jurisdiction thereof." Section 1.

"Common carriers," within the influence of that act (section 1) "include only motor transportation companies operating between fixed termini or over a regular route"; that is, "the termini between which or route over which such motor transportation company shall usually or ordinarily operate, though departures from such termini or route may be periodical or irregular," and not confined to the limits of the police jurisdiction of any particular city, town, or village.

The act approved October 28, 1932, referred to as the "Tidwell Law or Tidwell Bill," extends the jurisdiction of the Alabama Public Service Commission to "contract carriers and common carriers," as defined by that act, exempting from its influence common carriers within the influence of the Alabama Motor Carrier Act of 1931: "1. Motor vehicles for hire while being used exclusively for the transportation of school children and school teachers to and from school. 2. Motor vehicles for hire, while operating within the limits of a city or incorporated town, or within the police jurisdiction thereof, or between two cities or incorporated towns whose city limits adjoin, or within the police jurisdiction thereof." Section 2.

The act of October 28, 1932, defines "contract carrier" as "any operator of a motor vehicle who engages in the business of furnishing transportation of persons or property for hire *for a particular person or particular persons under a special contract or special contracts,* and not for the public." Section 1. To come within this classification a contract or contracts with a particular person or persons for the carriage of *other persons* or goods are essential. It is clear, therefore, that the defendant was not a "contract carrier." The agreed case shows that he was engaged in the business of carrying persons for hire, not under a contract with some other person, or persons, but for compensation agreed on between the defendant and his passengers, who paid their own transportation. Gen. Acts 1932, Ex. Sess., pp. 178, 179. (Italics supplied.)

So the question to be decided is: Was the defendant a "common carrier" as defined by the "Tidwell Law"?

The act defines common carrier as "any operator of a motor vehicle who engages in the motor transportation business for hire as a public employment, provided, however, neither the term 'common carrier,' nor any other provision of this Act, shall be construed to mean or include any motor transportation company or common carrier subject to the provisions of the Alabama Motor Carrier Act of 1931." Section 1.

The agreed case shows that "within twelve months before the 31st day of May, 1934, Charles Hood operated his automobile over the public highways of Morgan County, Alabama, as a taxi cab. He contracted to carry persons from any place in the county to any specific destination, either within the state or county or without the state, for a fee or charge which varied with the length of the trip. He did not have any established route."

The conclusion, therefore, is inescapable that the defendant was a common carrier as defined by the Tidwell Law, and that he conducted his business without a permit and obtaining and displaying on his vehicle a "distinguishing plate" as required by said act and in violation thereof. The ruling of the Court of Appeals is not in accord with these views.

The courts are not concerned with the policy of the statute or its wisdom.

The writ is granted, the judgment of the Court of Appeals is reversed, and the cause remanded to that court to be disposed of in accordance with this opinion.

Writ granted; reversed and remanded.

All the Justices concur.