82 So.2d 272

Charles VARDAMAN

v.

BENEFIT ASSOCIATION OF RAILWAY EMPLOYEES, Inc.

8 Div. 784.

Supreme Court of Alabama.

Aug. 18, 1955.

Marion F. Lusk, Guntersville, for petitioner.

F. Raymond Ingram and W. E. Prescott, III, Birmingham, and Starnes & Starnes, Guntersville, opposed.

MAYFIELD, Justice.

This case comes to us on petition of the Benefit Association of Railway Employees, Inc., for certiorari to the Court of Appeals to review and revise the judgment of that court.

This is an action on an insurance policy which provides for certain benefits for disability resulting from illness. Charles Vardaman, the insured, filed a complaint in two counts in the circuit court, both counts claiming damages for breach of the insurance contract. The insurer demurred, and as to both counts of the complaint the demurrers were sustained. Plaintiff thereupon suffered a nonsuit and appealed to the Court of Appeals. That court reversed the lower court, holding that it erred in sustaining demurrers to the second count of the complaint, designated Count BB. We granted certiorari to review this action of the Court of Appeals.

The pleadings are not set out in extenso in the opinion of the Court of Ap-

peals. As the case comes before us, however, we may look to the record to aid our understanding of the issues presented. Cranford v. National Surety Corporation, 231 Ala. 636, 166 So. 721.

In Count BB of the complaint it was alleged that the plaintiff was insured under a policy of insurance issued by defendant; that on March 2, 1948, the policy was in full force and effect; that on that date the plaintiff became wholly disabled on account of illness, and has since been wholly and continuously disabled; that such illness was covered under the terms of the policy, by which the defendant agreed to pay the plaintiff $80 per month for and on account of said illness for a period of eighteen months. It was also alleged that the plaintiff gave formal written notice of such illness to defendant on July 14, 1948; that the plaintiff did not know or have reasonable grounds to believe that his illness would ultimately constitute a basis for a claim under the provisions of Part V of the contract of insurance until less than ten days prior to the giving of formal written notice on July 14, 1948; that notice was given to defendant as soon as was reasonably possible, and that plaintiff has done and performed all other things required of him under the terms of the policy of insurance. Further, that the defendant has refused to pay to the plaintiff said $80 per month or any part thereof. Plaintiff claimed of the defendant the sum of $400 damages for breach of contract alleging that one installment became due on each of five monthly dates beginning with July 4, 1948.

The insurance policy was attached to and made a part of the complaint. The most pertinent provisions of the policy are as follows:

"Part I

* * *

"Monthly Illness Indemnity ........
Eighty ........ Dollars
As specified in Part V hereof

* * *

"Part V      Monthly Indemnity

"When 'such illness' which is contracted and begins during the life of this policy and after it has been maintained in continuous force for fifteen days from its date, shall wholly and continuously disable and prevent the Insured from performing any and every kind of work or occupation for wages or profit, the Association will pay beginning with the first day of such disability for total loss of time, not exceeding eighteen consecutive months, Illness Indemnity at the rate specified in Part I, hereof.

"Provided, that indemnity under this Part shall not be paid for any period of time prior to the first treatment by a legally qualified physician or surgeon, and disability benefits will be paid only for a period of time during which the Insured is under the care of and is treated by and in the presence of a legally qualified physician or surgeon, at least semi-monthly."

"Standard Provisions

*       *       *       *       *       *

"(4) Written notice of injury or of sickness on which claim may be based must be given to the Association within twenty days after the date of the accident causing such injury or within ten days after the commencement of disability from such sickness. In the event of accidental death immediate notice thereof must be given to the Association.

"(5) Such notice given by or in behalf of the Insured or beneficiary, as the case may be, to the Association at its Home Office in Chicago, Illinois, or to any authorized agent of the Association, with particulars sufficient to identify the Insured, shall be deemed to be notice to the Association. Failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such

notice and that notice was given as soon as was reasonably possible."

"Miscellaneous Provisions

"Section (a) Compliance on the part of the Insured and beneficiary with all of the terms and conditions of this policy shall be a condition precedent to recovery hereunder."

The essential question for our determination concerns the effect of Insured's failure to give notice of disability within the time specified on his rights to the benefits provided by the insurance policy. On this point the Court of Appeals held that the failure to give notice at the time disability developed did not destroy the right, but was simply a postponement of the accrual until notice was given.

It is a cardinal principle that in construing the terms of an insurance policy, ambiguities must be resolved in favor of the insured. Especially is this true as to clauses which might work a forfeiture of the benefits of the policy. Sovereign Camp, W. O. W. v. Miller, 231 Ala. 336, 164 So. 742. To be effective forfeitures must be expressed in unmistakable terms. Taber v. Royal Ins. Co., 124 Ala. 681, 26 So. 252. As the rule has been stated by the Supreme Court of Arkansas in Smith v. Mutual Life Ins. Co. of New York, 188 Ark. 1111, 69 S.W.2d 874, 876:

"It is self-evident that the paramount consideration the parties had in mind at the execution of this contract was insurance against * * * disability. Any construction which nullifies this paramount consideration should be avoided, if possible."

This does not mean, however, that the parties may not contract as they see fit, so long as they do not offend some rule of law or contravene public policy, and this court will not attempt to alter the expressed intentions of the parties if they are clear and unambiguous. Northam v. Metropolitan Life Ins. Co., 231 Ala. 105, 163 So. 635, 111 A.L.R. 622.

In connection with the question now before us this court, in Prudential Ins. Co. v. Gray, 230 Ala. 1, 159 So. 265, 266, stated as follows:

"* * * there is a difference between the existence of a right to disability and the accrual of the cause of action for the recovery. If the policy is so set up that the claim came into existence when the disability occurred, but that the cause of action did not accrue until proof of the disability was furnished, the delay of the proof not extending beyond a reasonable time * * * did not cut off the claim, though the proof was not furnished until after there was default in paying the subsequent premium.

"The question of whether the proof is a condition to the existence of the claim or to the right to sue on a claim which had otherwise accrued, depends upon the terms of the policy which fixes the circumstances necessary to create the claim.

"We have held, in respect to fire insurance, that, though the benefits are not payable until proof of loss is made, *the failure to make the proof in the time designated does not destroy the right of action, but only postpones its maturity, provided the failure is not set up in the policy as a forfeiture of the claim.* Westchester Fire Ins. Co. [of New York] v. Green, 223 Ala. 121, 134 So. 881; Home Ins. Co. [of New York] v. Murphy, 223 Ala. 566, 137 So. 393; National Fire Ins. Co. [of Hartford] v. Tennessee Land Co., 224 Ala. 113, 139 So. 227; National Fire Ins. Co. [of Hartford, Conn.] v. Kinney, 224 Ala. 586, 141 So. 350.

"The whole question is made to depend upon whether the requirement is set out in the policy as a condition to the existence of the claim or to the right of its immediate payment. The same sort of expression should have the same interpretation whether in a life, fire, accident, or disability insur-

ance policy, if it is not affected by the character of the insurance. * * *" [Emphasis added.]

This holding is in accord with the statement found in 29 Am.Jur., Insurance, § 1105, p. 829, which is as follows:

"The more generally accepted rule * * * is that the requirements of an insurance policy that the insured shall give notice and furnish proofs of loss within a certain time are *conditions precedent to the right to sue, but failure to comply with such requirements within the time stipulated does not avoid the policy or work a forfeiture in the absence of a stipulation in the policy to that effect.* Such failure merely postpones the day of payment, provided notice is given and proofs of loss are furnished within such time as will enable the insured to bring his suit within the time limited by the policy."

Guided by the stated principles, we must now look to the express provisions of the policy. It is significant that under Part V of the policy the insurer's liability is predicated upon the existence of a disability only —not upon the giving of notice that such disability exists. The importance of the distinction is clearly revealed by the opinion of this court in Metropolitan Life Ins. Co. v. Phillips, 236 Ala. 259, 182 So. 35. In that case by express provision of the policy the obligation to pay the benefits was made to depend upon the submission of proofs of disability. The requirement of proofs was held to be a condition precedent to liability for benefits. The provision in Part V of the instant insurance policy is of converse effect.

■ Standard Provisions (4) and (5) require that notice of disability caused by illness be given within ten days. Although it is stated therein that failure to give notice within the required time will not invalidate a claim if the giving of such notice was not reasonably possible, those sections do not provide that failure to give notice, though reasonably possible, will invalidate a claim. It may be argued that the provi-

sions imply the latter meaning. To be given effect, however, such a provision must be expressed and not appear by implication only.

■ Under Section (a), Miscellaneous Provisions, compliance with all of the conditions of the policy is made a "condition precedent to *recovery*". Does this provision make the existence of all liability under the policy depend on strict compliance with the notice requirement? In our opinion it does not. We feel, rather, that the language selected and used by the insurer at this point must be interpreted to mean that no immediate right to receive payment or to bring suit exists under the policy until the notice requirement is satisfied. Such construction is in harmony with other provisions of the policy and with the previously stated rules of construction by which we are bound.

The case of Home Ins. Co. of New York v. Murphy, 223 Ala. 566, 137 So. 393, concerned a requirement in an automobile insurance policy that the insured give notice within sixty days of any loss. The policy contained the further provision: "No suit or action on this policy or for the recovery of any claim hereunder be sustainable in any court of law or equity unless the assured shall have fully complied with all of the foregoing requirements." Commenting on the requirement of notice in that policy, this court said:

"In our recent case of Westchester Fire Ins. Co. v. Green, 134 So. 881, we took occasion to refer to the rule that, unless the policy stipulates that the failure in this respect is a condition of forfeiture, or prescribes a penalty which should be so construed, a breach has the effect merely to postpone the time of bringing suit until such proof is made. * * *."

We perceive no reason why the stated rule should not be applied in the instant case. The provision here, as in the Home Insurance Co. Case, contains no clear stipulation compelling forfeiture upon failure to give notice within the prescribed time.

On this basis we conclude that the demurrers to Count BB of the complaint should have been overruled. As the question is now before us it is not necessary that we consider whether plaintiff's allegations concerning the reasonable impossibility of his giving notice within ten days would have been sufficient if our holding had been otherwise. Nor is it necessary that we consider the effect of any defensive matter which may hereafter be pleaded.

The judgment of the Court of Appeals is due to be, and is hereby, affirmed.

Affirmed.

LAWSON, GOODWYN and MERRILL, JJ., concur.