190 So.2d 728

**Joe HAYWOOD**

**v.**

**STATE.**

**7 Div. 748.**

Supreme Court of Alabama.

Oct. 6, 1966.

Oliver P. Head, Columbiana, for petitioner.

Richmond M. Flowers, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., opposed.

172

HARWOOD, Justice.

■ The sole ground of the petition for a writ of certiorari relates to the refusal of the written requested affirmative charge with hypothesis requested by the appellant. Our review is limited to this ground, and we will of course look only to facts as stated by the Court of Appeals. Ex parte Thaggard, 276 Ala. 117, 159 So.2d 820.

We are in full accord with the opinion of the Court of Appeals and its application of the legal doctrines involved as applied to the facts.

■ Perhaps some further observations are indicated in response to appellant counsel's strenuous argument here that the lower court erred in refusing the requested affirmative charge because of the lack of evidence tending to show a criminal intent on the part of the appellant.

■ Such argument overlooks the fact that the acts condemned by Section 120(1), Title 14, Code of Alabama 1940, are malum prohibitum, rather than malum in se. It was enacted not only to protect society from the dangers of drunken people on the highways, but also for the protection of the drunken person himself.

■ As stated in Fiorella v. City of Birmingham, 35 Ala.App. 384, 48 So.2d 761:

"It is perfectly permissible for a legislative body to make the doing of an act criminal without regard to the intent or knowledge of the doer, and if such legislative intent appears, the courts must give it effect, although the intent of the doer may have been innocent. Such principle is particularly applicable to enactments passed as police measures. Smith v. State, 223 Ala. 346, 136 So. 270; Allen v. State, 33 Ala.App. 70, 30 So.2d 479."

Writ denied.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.