291 So.2d 152

**In re Lily PRINCE**

v.

**James Elgie KENNEMER.**

**Ex parte Lily Prince.**

**SC 305.**

Supreme Court of Alabama.

Feb. 7, 1974.

Humphrey, Lutz & Smith, Huntsville, for petitioner.

Ford, Caldwell, Ford & Payne, and W. Stanley Rodgers, Huntsville, for respondent.

HEFLIN, Chief Justice.

On writ of certiorari to the Court of Civil Appeals, 52 Ala.App. 7, 291 So.2d 146. The petitioner in this case was the plaintiff in a suit appealed to the Court of Civil Appeals from the Circuit Court of Madison County. The complaint was in two counts; one alleging simple negligence and one alleging wanton misconduct on the part of the defendant growing out of an automobile accident wherein the vehicle driven by the defendant struck the vehicle in which the petitioner was a passenger. On trial to a jury, the trial court gave the affirmative charge for the defendant on the wanton misconduct count, and the jury found for the defendant on the simple negligence count. After the plaintiff's motion for new trial was overruled, the plaintiff appealed to the Court of Civil Appeals which affirmed the trial court's order.

■ The defendant filed a motion to dismiss the petition for writ of certiorari, or in the alternative, to deny the writ. The motion alleges the petition fails to satisfy the requirement of Supreme Court Rule 39. Even a casual reading of the petition indicates that Rule 39 has been complied with since the plaintiff sets out language from Fidelity and Casualty Co. v. Bank of Commerce, 285 Ala. 580, 234 So. 2d 871 (1970) and also language from the opinion of the Court of Appeals which appears to be in conflict thereto.

Motion denied.

The only point raised by plaintiff is whether the Court of Civil Appeals ruled correctly in determining that no error was committed on the part of the trial court in regard to granting the affirmative charge without hypothesis to the wanton misconduct count.

■ It is clear that in determining the propriety of a general affirmative charge when requested by the defendant, the evidence most favorable to the plaintiff must be accepted as true. Fidelity and Casualty Company v. Bank of Commerce, supra. And in American Pamcor, Inc. v. Evans, 288 Ala. 416, 261 So.2d 739 (1972), this court stated:

"The last point raised by appellants is directed to the sufficiency of the evidence to submit the wanton count to the jury. That which constitutes wanton misconduct depends upon the facts presented in each particular case.

"In considering the sufficiency of the evidence of wantonness to be submitted to the jury, this court must accept as true, and indulge such reasonable inferences as the jury was free to draw from the evidence. Myers v. Evans, 287 Ala. 710, 255 So.2d 581 (1971)."

The scintilla rule also applies in this instance.

The evidence most favorable to the plaintiff from the recital of facts contained in the opinion of the Court of Civil Appeals follows: The plaintiff, Mrs. Prince, was a passenger in a vehicle being driven by her husband at the intersection of Warren Avenue on a part of Governors Drive in Huntsville. Governors Drive was a 5-lane highway at this intersection with a turning lane separating the two westbound lanes from the two eastbound lanes. The Prince automobile approached the intersection on Warren Avenue headed south, stopped at the intersection, and then proceeded across the two westbound lanes to make a left turn into the eastbound lanes on Governors Drive. It had its red blinker light on indicating a left turn. The Prince vehicle, after crossing the two westbound lanes, stopped approximately in the center of Governors Drive in the turning lane awaiting some eastbound traffic to pass before proceeding into the eastbound lanes.

The automobile of defendant Kennemer was headed west on the inside lane of the two westbound lanes of Governors Drive. Kennemer's vehicle was exceeding the speed limit, moving at a rate between 50 and 55 miles per hour. Alcohol was smelled on Kennemer's breath (from this it would have been in the province of the jury to infer that his driving was influenced by intoxication when coupled with the other evidence of the collision). Kennemer's automobile lights were not turned on at the time of the accident which was 8:00 p. m. on the night of April 29, 1968. Kennemer's automobile went out of control, the rear end skidding in a clockwise direction, and hit the Prince automobile sitting stationary in the turning lane. The Kennemer automobile's left rear fender struck the Prince vehicle. After striking the Prince automobile the Kennemer vehicle went back across the two westbound lanes and stopped at a curb.

This testimony clearly makes a jury question as to wantonness on Kennemer's part and the affirmative charge should not have been given.

The defendant questions whether this court can review the opinion of the Court of Civil Appeals on its application of facts pertaining to the determination of whether the affirmative charge should have been granted. In Rainey v. State, 245 Ala. 458, 17 So.2d 687 (1944), this court stated:

"There are two situations on certiorari to the Court of Appeals from this Court to review their opinion in respect to the facts shown by the record. They present different theories for such review, but both are resolved by applicable principles of law. One of them subjects for review the legal effect of the evidence stated by the Court of Appeals to be shown by the record, regardless of their inferences from it.

"Given the evidence as recited by the Court of Appeals, the question is, what is its legal effect? As on this appeal, that question is usually presented by a ruling in the trial court on a request for the affirmative charge. When we pass on the legal effect of the evidence as justifying the requested charge, we do not review any factual finding by the Court of Appeals, nor their judgment as to the weight of the evidence. Craft v. Standard Accident Ins. Co., 220 Ala. 6(12), 123 So. 271; Frick Co. v. Monroe, 220 Ala. 1, 123 So. 262; Lancaster v. State, 214 Ala. 2(5), 106 So. 617.

"If the evidence is not set out in the opinion of the Court of Appeals its finding as to what the evidence shows is conclusive on our review, whether or not

the question relates to the affirmative charge (Mobile Pure Milk Co. v. Coleman, 230 Ala. 432, 161 So. 829); but whether such finding justifies the affirmative charge as a matter of law is reviewable. *If the evidence is set out in the opinion, we will review its sufficiency to justify the affirmative charge, though the Court of Appeals may have made a finding of facts from that evidence."* (Emphasis supplied)

This court in *Rainey* corrected the Court of Appeals concerning the affirmative charge determination, finding as a matter of law, based on the evidence set out by the Court of Appeals, that the affirmative charge should not have been given.

This rule was followed in a civil case, Tuscaloosa Motor Company v. Cockrell, 272 Ala. 387, 132 So.2d 745 (1961).

 This rule of law is somewhat related to the rule of law which allows this court to correct erroneous conclusions on the part of the courts of appeal where the courts of appeal misapply the law to the facts set out in their opinions.

In Hill Grocery Co. v. Ligon, 231 Ala. 141, 164 So. 219 (1935), the court stated:

"The rule of Postal Telegraph-Cable Co. v. Minderhout, 195 Ala. 420, 71 So. 91, and the cases following thereafter, is to the effect that this court will not review the finding of facts made by the Court of Appeals; that this court will not look to the bill of exceptions or other record than the opinion of the Court of Appeals to determine the facts in the case; and that if there is any evidence determined by that court to support the judgment, it will not be disturbed. *Where, however, the facts are determined by the Court of Appeals and set out in the opinion, and that court misapplies the law to the facts so determined and set out, it is the duty of this court in its supervisory capacity to correct such erroneous conclusions."* (Emphasis supplied)

See also Life & Cas. Ins. Co. v. Womack, 228 Ala. 70, 151 So. 880. (1934); Green v. Department of Indus. Rel., 263 Ala. 564, 83 So.2d 364 (1955).

 With sufficient facts appearing in the opinion of the Court of Civil Appeals in this case to make a determination of whether a jury issue was presented, this court has the right and duty to evaluate such facts in a favorable light for the plaintiff. This court finds that such evidence makes out a prima facie case of wantonness. Therefore, the case has to be reversed.

Reversed and remanded.

MERRILL, HARWOOD, MADDOX, McCALL, FAULKNER and JONES, JJ., concur.

COLEMAN, J., concurs in result.