The plaintiff sued the defendant in the Circuit Court of Montgomery County for materials, work, and labor done. After anore tenus hearing, the learned trial judge rendered a judgment for plaintiff in the amount of $5,806.89. The defendant appeals and we affirm.
The dispositive issue is whether defendant's campaign staff possessed apparent authority to bind the defendant for campaign materials ordered, accepted, and used by the staff.
The record reveals the following: Defendant was a candidate for the office of Attorney General of Alabama in the 1978 election. His campaign was faced with financial difficulties, and he instructed members of his campaign committee, as well as his office workers, not to incur any debts on his behalf.
Plaintiff first met defendant at a social function. The plaintiff testified the defendant personally told the plaintiff that he (the defendant) was going to send plaintiff the defendant's printing business. The defendant's testimony is contrary. However, it is undisputed plaintiff indicated his willingness to receive such business.
Shortly thereafter, an unidentified member of defendant's office staff contacted plaintiff and placed an order for certain printed campaign material. This order was filled and the goods were delivered to and accepted by defendant's campaign headquarters. There were several subsequent orders placed. These, too, were filled and the goods accepted.
Plaintiff testified that defendant's campaign headquarters were billed after delivery and acceptance of each order. However, payment was not forthcoming. Hence, this suit was brought.
On appeal, defendant contends plaintiff failed to establish the existence of an agency relationship between himself and the unidentified office worker who placed the orders with plaintiff. It is further argued that this office worker lacked apparent authority to place such an order and thus bind defendant. It is finally contended defendant lacked knowledge the orders were placed and the materials used, thus precluding the possibility of ratification of the orders.
At the outset, we note the general principles of law applicable to this appeal.
First, the question of agency is one of fact, and is thus subject to the ore tenus rule. Thus, this court will not reverse such a finding unless it is clearly erroneous and against the great weight of the evidence. Wood Chevrolet Co.,Inc. v. Bank of the Southeast, Ala., 352 So.2d 1350 (1977).
Although the burden of proving agency rests on the party asserting it, such a relationship may arise from facts and appearances which lead others to believe that such a relationship has been created. Wood v. Holiday Inns, Inc.,508 F.2d 167 (5th Cir. 1975).
Next, a principal may vest his agent with apparent authority to perform an act by omission as well as commission, and such authority is implied where the principal passively permits the agent to appear to a third person to have authority to act on his behalf. Assured Growth Corp. v. Tomberlin, Ala.Civ.App.,334 So.2d 918 (1976). Although the principal may limit the agent's authority through secret instructions and restrictions, third persons ignorant of the restricted extent of the agent's authority may rely on the apparent scope of the agent's authority and their rights will not be affected so long as they deal in good faith. Blue Cross-Blue Shield of Alabama v.Thornton, 56 Ala. App. 678, 325 So.2d 187 (1975).
In this instance, there was evidence that the plaintiff and defendant discussed the plaintiff providing printed campaign material to the defendant. Additionally, there was evidence that thereafter a member of defendant's campaign staff ordered and accepted the campaign materials. It is undisputed that the items were put to use in furthering defendant's ultimately unsuccessful attempt at election. Furthermore, the record does not indicate that any attempt to limit the campaign staff's *Page 651 
authority to place such orders and to accept delivery was in any fashion communicated to plaintiff.
Under such facts, as indicated, this court is unprepared to say the learned trial judge clearly erred. See, Semo Aviation,Inc. v. Southeastern Airways Corp., Ala., 360 So.2d 936 (1978).
Furthermore, it would appear that defendant is bound to pay for the campaign materials on a theory of quantum meruit. This is so because where services are rendered by one person to another, and knowingly accepted, a promise to pay therefor is presumed. Hood v. League, 102 Ala. 228, 14 So. 572 (1893). As seen from the above, the defendant's agents possessed at least apparent authority to bind the defendant. Therefore, he is bound by their knowing acceptance and use of the campaign materials.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.