BRADLEY, Judge.
This is a bond forfeiture case.
On April 9, 1985 William Earl Parish appealed his conviction for disorderly conduct and theft of services in the third degree from the District Court of Russell County to the Circuit Court of Russell County. The defendant was released from jail pending his appeal to the circuit court. As security for his release the defendant posted a $5,000 appearance bond. The surety of the bond was All South Bonding Co., Inc. [hereinafter referred to as All South].
The defendant subsequently failed to appear, and the bond was eventually forfeited against All South. In a letter dated March 17, 1986, Mr. James E. Smith, All South’s president, advised the circuit clerk of Houston County that the bond was ineffective because it was signed by an All South employee not authorized to sign such bonds. The employee, Mr. Bill Powell [hereinafter referred to as Powell], was only authorized to sign bonds not exceeding a liability limit of $1,500.
On May 13, 1986 a hearing was held in the Circuit Court of Russell County concerning the issue of the bond forfeiture. The trial court heard the evidence without the aid of a jury, and entered a decree directing the forfeiture of the appearance bond. All South appeals this order and says the circuit court erred in holding that Powell possessed the apparent authority to bind the corporation.
Since the evidence in this case was heard by the trial court sitting without a jury, the issue of whether an agency relationship existed between All South and Powell is a question of fact for the trial court. Sherrill v. Frank Morris Pontiac-Buick-GMC, Inc., 366 So.2d 251 (Ala.1978). Therefore, this court will not disturb the trial court’s decree unless plainly erroneous or manifestly unjust. Hunt v. Davis, 387 So.2d 209 (Ala.Civ.App.1980).
The State of Alabama asserts that an agency relationship existed between All South and Powell because Powell possessed the apparent authority to bind All South by signing the bond. Although the burden of proving agency rests upon the party asserting it, such a relationship may arise from circumstances which lead others to believe that such a relationship exists. Perry v. Meredith, 381 So.2d 649 (Ala.Civ.App.1980).
In his testimony before the trial court, All South’s president testified that he would frequently sign bonds not exceeding liability limits of $1,500, and attach a power of attorney to them. It was Mr. Smith’s practice to then allow his agents to exercise the power of attorney over such bonds by signing them. Mr. Smith also testified that, while he did notify the Russell County Sheriff’s Office about the limitations upon Powell’s authority, he was not sure whether he ever notified the Russell County Circuit Clerk’s Office. It was the Russell County Circuit Clerk’s Office which accepted the disputed bonds from Powell. Those without knowledge of the limits of *501 an agent’s authority may nonetheless rely upon the agent’s apparent authority so long as they do so in good faith. Blue Cross-Blue Shield v. Thornton, 56 Ala.App. 678, 325 So.2d 187 (Ala.Civ.App.1975).
The record indicates that Mr. Smith himself testified that it would be reasonable for one not acquainted with the limitations placed upon Powell’s authority to believe that Powell, in fact, possessed the authority to bind All South by signing the particular bond in question. The record also reveals that Powell had been given the power of attorney over bonds not exceeding $1,500 in the past. Lastly, no evidence exists to indicate the circuit clerk’s office was ever apprised about the limitations on Powell’s actual authority.
In light of this evidence, we cannot say that the trial court’s findings that Powell possessed the apparent authority to bind All South was either clearly or manifestly unjust or against the great weight of the evidence. Furthermore, sufficient evidence exists from which the factfinder could infer that the Russell County Circuit Clerk’s Office relied upon Powell’s authority in good faith. For these reasons, the judgment of the trial court must be affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.