527 So.2d 1317 (1988)
The ADVERTISER COMPANY
v.
ELECTRONIC ENGINEERS, INC.
Civ. 6212.
Court of Civil Appeals of Alabama.
April 6, 1988.
Rehearing Denied May 11, 1988.
*1318 Dennis R. Bailey of Rushton, Stakely, Johnston and Garrett, Montgomery, for appellant.
James R. Cooper, Jr., of Cooper & Cooper, Montgomery, for appellee.
HOLMES, Judge.
This is a breach of contract case.
Following ore tenus proceedings, the trial court entered a judgment for the plaintiff. The defendant appeals and we affirm.
The record reveals the following: On January 1, 1982, the parties entered into a written contract, whereby the plaintiff agreed to provide the defendant's place of business with background music (Muzak) for which the defendant agreed to pay a monthly fee. The contract was for five years and was due to end on December 31, 1986. The validity of that contract is not in dispute.
In early 1986 an employee of the defendant, who held the position of Building Services Supervisor (Supervisor), contacted the plaintiff regarding the addition of Muzak to the defendant's telephone lines (Muzak-On-Hold). Responding to that request, a representative for the plaintiff met with the Supervisor and discussed adding Muzak-On-Hold to the defendant's existing service. Shortly thereafter, on February 17, 1986, the Supervisor signed on behalf of the defendant a contract with the plaintiff which included the following conspicuous provision: "Provide Muzak service to subscriber owned equipment. This Agreement cancels all previous Agreements. Add Muzak-On-Hold." The contract expressly provided that it was to last for five years, beginning with the installation of the Muzak-On-Hold service.
In September 1986 the defendant notified the plaintiff that it was canceling its "contract." This notice would have been sufficient to relieve the defendant of its obligations regarding Muzak service as of December 31, 1986, under the original contract alone. The dispute concerns the liability of the defendant under the contract entered into on February 17, 1986.
*1319 The plaintiff brought a breach of contract action, alleging that the defendant's attempt to cancel the "contract" was a breach of its new five-year obligation under the terms of the contract entered into in February 1986. In ruling for the plaintiff, the trial court calculated damages according to a liquidated damages provision in the later contract. This appeal followed.
The dispositive issue is whether the contract in question is valid and fully enforceable according to its terms.
In attempting to avoid the express language of the contract, the defendant makes three main arguments on appeal: (1) that the contract was not supported by consideration; (2) that the employee who signed the contract on behalf of the defendant did not have the authority to do so; and (3) that the contract is unenforceable because it is an unconscionable adhesion contract. We disagree as to all three contentions.
It is fundamental, of course, that parties may contract as they see fit, so long as they do not offend some rule of law or contravene public policy, and a court will not attempt to alter the expressed intentions of the parties if they are clear and unambiguous. Vardaman v. Benefit Association of Railway Employees, 263 Ala. 236, 82 So.2d 272 (1955).
The expressed intentions of the parties could hardly be more clear or unambiguous than those expressed in the provision of the contract earlier quoted. That is, the contract expressly and pertinently provided that all previous agreements between the parties were canceled. It provided that the plaintiff would furnish both Muzak and Muzak-On-Hold to the defendant for a period of five years, beginning upon installation of the latter service shortly after the signing of the contract on February 17, 1986. The contract also provided that it could only be terminated by proper notice shortly before the expiration of the new five-year term which began in 1986.
Thus, by the express terms of this contract, the defendant was bound for five years starting in 1986 for both Muzak and Muzak-On-Hold, and the notice of cancellation sent in September 1986 was a breach of the new obligation.
The defendant's contention that the contract was not supported by consideration is without merit.
Consideration for a promise is an act, a forbearance, or the creation, modification, or destruction of a legal relation, or a return promise, bargained for and given in exchange for the promise. Erika, Inc. v. Blue Cross & Blue Shield, 496 F.Supp. 786 (N.D.Ala.1980); see also Nash v. Vann, 390 So.2d 301 (Ala.Civ.App.1980).
Although the trial court did not give its reasoning, it could have found that the addition of the Muzak-On-Hold service was consideration for the new contract. Although this additional service cost less than $10 a month, it is well settled that, where the facts are in dispute, the question of the adequacy of the consideration is one for the trier of fact. Nash, 390 So.2d 301. Thus, the trial court's determination as to consideration is presumed correct and will not be set aside by this court unless it is palpably erroneous. See Clardy v. Capital City Asphalt Co., 477 So.2d 350 (Ala.1985). The record reflects no such palpable error here.
Furthermore, the court could have reasoned that, just as parties may alter or rescind contracts based on no consideration other than mutual consent, so they can cancel contracts and create new ones in their stead based on the mutual consent of the parties. Winegardner v. Burns, 361 So.2d 1054 (Ala.1978); Moore v. Williamson, 213 Ala. 274, 104 So. 645 (1925). In short, the defendant was bound to the terms of this contract, and all other issues raised regarding the contract's validity are pretermitted.
The defendant further argues that the Supervisor did not have the "apparent" authority to obligate the defendant on the new contract. It argues that apparent authority must be founded upon the conduct of the principal and not upon the conduct of the agent. Daniel v. Scott, 455 So.2d 30 (Ala.Civ.App.1984). The defendant contends *1320 that the record is absent of any such conduct on its part as principal.
However, the principal may vest its agent with apparent authority to perform acts by omission, as well as commission, and such authority is implied where the principal passively permits the agent to appear to a third person to have authority to act on its behalf. Perry v. Meredith, 381 So.2d 649 (Ala.Civ.App.1980).
It is well settled that the existence and scope of a principal-agent relationship is a question to be determined by the factfinder. Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297 (Ala.1986).
Viewing the record with the attendant presumption, we cannot hold that the trial court erred in concluding that the defendant's employee had the apparent authority to bind the defendant for a new five-year term. This is so in light of the fact that the plaintiff received no notice to the contrary; that the plaintiff dealt exclusively with the Supervisor; that the Supervisor had initiated the contract upon the request of the defendant; and that the Supervisor then signed a contract which clearly and conspicuously provided for a new five-year term. We find no error here.
Finally, we find little merit in the defendant's argument based on unconscionability of the contract.
Generally, unconscionability includes an absence of meaningful choice on the part of one of the parties, together with contract terms which are unreasonably favorable to the other party. West Point-Pepperell, Inc. v. Bradshaw, 377 F.Supp. 154 (M.D.Ala.1974). Few Alabama cases address the issue, but at least one case holds that it is the unequal bargaining power of the parties that gives rise to an unconscionable contract. Lloyd v. Service Corp., 453 So.2d 735 (Ala.1984).
The defendant in this case is a relatively large corporation. The plaintiff is a firm which provides background music for a fee. Although the liquidated damages provision of the contract in question was contained in boilerplate language, the defendant can hardly be heard to complain that it was unduly surprised by such a provision or not given a meaningful choice in agreeing to the contract. The defendant entered the contract on its own initiative and then breached the contract, resulting in a judgment of approximately $5,000, based on the liquidated damages or adhesion part of the contract. We might reach a different result if the parties' bargaining powers had been different or had the terms of the contract been different, but, under the circumstances of this case, we cannot find this to be an unconscionable contract.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.

ON APPLICATION FOR REHEARING
Holmes, Judge.
The appellee has filed with this court a motion for the award of attorney's fees for representation on appeal. The basis for the motion is that the contract sued upon provides for such an award.
The appellant has filed with this court an application for rehearing.
The application for rehearing is due to be denied.
The appellee's motion is due to be granted, and a fee of $1,000 is hereby awarded for representation on appeal.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
BRADLEY, P.J., and INGRAM, J., concur.