I concur with the holding in the majority opinion that this transaction has a sufficient nexus with interstate commerce to invoke the Federal Arbitration Act ("FAA"). I must dissent, however, from the holding in Part V of the majority opinion that clauses in arbitration agreements waiving the award of punitive damages by an arbitrator are unconscionable as against public policy.
This Court established in Green Tree Financial Corp. v. Vintson,753 So.2d 497 (Ala. 1999), that the unconscionability of an arbitration clause is a question of law for the court and that the party claiming that such a clause is unconscionable bears the burden of proof. This Court has also held that "agreements to arbitrate are not in themselves unconscionable." Ex parte McNaughton, 728 So.2d 592, 598 (Ala. 1998). Moreover, fundamental concepts of contract law require courts to uphold contracts when possible.[9]
In Wilson v. World Omni Leasing, Inc., 540 So.2d 713 (Ala. 1989), this Court stated:
 "Comment (1) of the official comments to § 7-2-302
sets out the basic test to determine unconscionability:
 "`[W]hether, in the light of the general commercial background and the commercial needs of the particular trade or case, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract. . . . The principle is one of the prevention of oppression and unfair surprise . . . and not of disturbance of allocation of risks because of superior bargaining power.'"
540 So.2d at 716.[10]
In Ex parte Napier, 723 So.2d 49 (Ala. 1998), this Court noted:
 "[M]atters that could be germane to a determination of unconscionability [include] a refusal of [the plaintiff's] request for assistance after she had notified someone that she was unable to see *Page 738 
 or to understand [the arbitration clause]; [the plaintiff's] inability to obtain the product made the basis of this action from this seller, or from another source, without having to sign an arbitration clause; the oppressiveness or unfairness of the mechanism of arbitration; or the [unfairness] of a discount or other quid pro quo in exchange for [the plaintiff's] accepting an arbitration agreement."
723 So.2d at 52 (footnote omitted).
The waiver of punitive damages in this case is not unconscionable, because the record reveals no evidence of oppressive dealing, no evidence of an unfair inducement for Thicklin to enter the arbitration agreement in which she waived her claim to punitive damages, and no attempt by Fantasy to surprise or to mislead Thicklin. The heading of the arbitration section of the agreement (section 10) appeared in bold type, entitled "ARBITRATION AND WAIVER OF JURY TRIAL." Thicklin also initialed a separate acknowledgment that provided: "I have read and understand Section 10 which relates to arbitration and waiver of jury trial."
Thicklin does not claim that she was not aware of the arbitration agreement she signed or that she was tricked into signing it. Instead, Thicklin argues that the arbitration agreement she signed should not be enforceable against her because, she argues, it is unconscionable to allow parties to waive certain rights. The majority opinion accepts the substance of this argument, stating that an agreement to waive punitive damages "`attempt[s] to alter in an impermissible manner fundamental duties otherwise imposed by the law,'" 824 So.2d at 731 (quoting Ex parte Foster, 758 So.2d 516, 520 n. 4 (Ala. 1999)). For the reasons I stated in my dissent from the opinion on return to remand in Cavalier Manufacturing, Inc. v. Jackson, [Ms. 1000391, April 13, 2001 (original opinion), and Oct. 5, 2001 (opinion on return to remand)]823 So.2d 1237, 1245 (Ala. 2001), I dissent from the majority's reliance on Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265 (1995) and Ex parte State Farm Fire Casualty Co., 764 So.2d 543 (Ala. 2000), as authority under state law to excise such a clause from a contract.[11]
Because I conclude that, by contract, Thicklin freely and knowingly waived her right to punitive damages, I conclude that the waiver of punitive damages was not unconscionable. I, therefore, respectfully dissent as to Part V.
[9] This Court, in Wilson v. World Omni Leasing, Inc., 540 So.2d 713,716 (Ala. 1989), stated:
 "With a choice between a valid and an invalid construction, the court has a duty to accept the construction that will uphold, rather than destroy, the validity of the contract. West Point-Pepperell, Inc. v. Bradshaw, 377 F. Supp. 154 (M.D.Ala. 1974).
 "`It is fundamental, of course, that parties may contract as they see fit so long as they do not offend some rule of law or contravene public policy, and a court will not attempt to alter the expressed intentions of the parties if they are clear and unambiguous. Vardaman v. Benefit Association of Railway Employees, 263 Ala. 236, 82 So.2d 272 (1955).'
 "Advertiser Co. v. Electronic Engineers, Inc., 527 So.2d 1317, 1319 (Ala.Civ.App. 1988)."
[10] In determining in Layne v. Garner, 612 So.2d 404, 408 (Ala. 1992), whether a contract or a contractual provision is unconscionable, this Court stated, "In addition to finding that one party was unsophisticated and/or uneducated, a court should ask (1) whether there was an absence of meaningful choice on one party's part, (2) whether the contractual terms are unreasonably favorable to one party, (3) whether there was unequal bargaining power among the parties, and (4) whether there were oppressive, one-sided, or patently unfair terms in the contract."
[11] I agree that, in a proper case, invalidation of an arbitration provision based on unconscionability is invalidation "upon such grounds as exist at law or in equity for the revocation of any contract."9 U.S.C. § 2 (1999). However, the majority does not invalidate the arbitration provision; instead, it rewrites the provision to excise only those words waiving any award of punitive damages. I see nothing in9 U.S.C. § 2 that authorizes the rewriting of arbitration provisions to suit the sensibilities of the particular state; rather, 9 U.S.C. § 2
addresses the validity of a contract to arbitrate: "A written provision . . . to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." (Emphasis added.)